# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERONIMO F. ROSADO, JR., | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5068 |
| | : | |
| PSP. STATE TROOPER | : | |
| BARRACKS, *et al.*, | : | |
|    *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                    **JANUARY 27, 2020**

      *Pro se* Plaintiff Geronimo F. Rosado, Jr. filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed *In Forma Pauperis*. The named Defendants are the PSP State Trooper Barracks ("PSP"), Trooper Michael P. Dugan, Trooper Reginald Rawls, Pennsylvania State (DMV and Pennsylvania State Department of Transportation), and former Transportation Secretary Leslie S. Richards. For the following reasons, Rosado will be permitted to proceed *in forma pauperis* and his Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I[1]

      Rosado's Complaint is lengthy, difficult to understand, and includes numerous exhibits. The Complaint itself, which consists of seventy-five pages, contains the text of various Pennsylvania statutes pertaining to criminal and motor vehicle law, a series of affirmative defenses that would traditionally be reserved for responsive pleadings, and numerous conclusory statements indicated as "undisputed," which refer to various

---

[1] The factual allegations are taken from the Complaint and the exhibits attached thereto.

paragraphs throughout the Complaint. (ECF No. 2.) In short, his claims are conclusory and not well pled, and his Complaint contains a great amount of extraneous, irrelevant information, thereby complicating the Court's ability to decipher the claims. Though unclear, it appears that Rosado raises both federal and state claims based primarily on a July 21, 2017 arrest, the subsequent criminal prosecution of charges stemming from that arrest, and an assertion that those charges were *nolle prossed* on July 11, 2019 because the Commonwealth was unable to prove its case beyond a reasonable doubt.

On the first page of his Complaint, Rosado asserts that his claims are brought pursuant to 42 U.S.C. § 1983 with respect to "rights secured by the constitution amendments I, IV, V, VI, IX, I, XIII, XIV, and ADA Act Title II." (ECF No. 2 at 1.) Rosado avers further that "any defense, and or affirmative defense or request for qualified immunity is futile, and shall be deemed denied and waived" and seeks "a class action suit enforcing constitutional secured rights."[2] (*Id.*)

Rosado alleges that on July 21, 2017, he and a Ms. Smith were at Parx Casino in Bensalem, Pennsylvania. (*Id.* at 3.) At 11:30 p.m., Smith told Rosado she was not feeling well and asked that he drive them back to West Chester. (*Id.*) Although Rosado told Smith he was on state parole, had a visual impairment, and could not drive, Smith insisted, and Rosado agreed to drive the vehicle. (*Id.*) Rosado claims that while he was

---

[2] To the extent that Rosado attempts to plead this matter as a class action, and to the extent that the Complaint includes claims on behalf of other individuals, Rosado, an unrepresented individual, may not pursue claims on behalf of others. *See Rosado Fraticelli, Jr. v. Stretel*, Civ. A. No. 17-3343 (E.D. Pa. Nov. 30, 2017 Memorandum and Order). "Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018).

2

driving on the Pennsylvania Turnpike, at approximately 12:30 a.m., Troopers Dugan and Rawls, "without probable cause and or due process of law, made an illegal and unjustified traffic stop" of the vehicle he was driving. (*Id.*)

Rosado asserts that just prior to pulling him over, Troopers Dugan and Rawls "unlawfully recorded" him using "MVR video camera surveillance" in order "to articulate a basis of probable cause, without due process of law." (*Id.* at 4.) Rosado asserts that Troopers Dugan and Rawls pursued him for approximately seven minutes and twenty seconds, changing lanes as he did, with high beams causing Rosado to be "blinded from the rear." (*Id.*) Once Troopers Dugan and Rawls pulled him over, Dugan approached the vehicle and did not make any mention of the "reason for the stop . . . or mention of any marijuana emanating from vehicle" but, instead, "by name affiliation discriminated against [Rosado] concluding after running [his] name" that he had a criminal record, was on state parole, and was driving on a suspended license. (*Id.* at 5.)

When Dugan reapproached the vehicle, Rosado avers that Dugan informed him that he had pulled him over for speeding and failing to maintain lanes. Trooper Dugan also questioned Rosado as to when he "smoked weed" stating that "there was an odor of marijuana coming from [his] clothes." (*Id.* at 6.) Rosado contends that he then advised Dugan of his visual impairment. (*Id.*) Rosado maintains that he was confused and traumatized by Dugan's "interrogation about marijuana." (*Id.*) Rosado asserts that Trooper Dugan "used police tactics prohibited by IV and V amendment to administer probable cause for DUI/DWI sobriety testing." (*Id.*) He further asserts that despite the "successful completion of sobriety testing," both Troopers continued to make accusations that he had used marijuana. (*Id.* at 6-7.) Rosado contends that he again advised the officers of his severe visual impairment, but Dugan, who Rosado asserts

3

was unsatisfied with sobriety testing, administered a breathalyzer test causing Rosado to almost pass out. (*Id.* at 7.) Rosado claims that he passed the breathalyzer test, but Trooper Dugan responded by placing him under arrest for driving under the influence of a controlled substance. (*Id.*) Rosado avers he was stopped without probable cause, passed sobriety testing, was not read his rights, and was subjected to discrimination because of his visual impairment. (*Id.*)

Rosado alleges that after he was arrested, the Troopers drove him to Chester County Hospital "to undergo a DL-26 implied consent, to withdraw blood, without a warrant, to secure blood, by means of unlawful restraint, violating amendments IV and XIV." (*Id.* at 8.) Rosado further contends that "by enforcing commercial drivers (1613) implied consent," Defendants enforced "a hidden contract of deceit" thereby violating his rights. (*Id.* at 10.) Rosado was then transported to the Coatesville PSP barracks, processed, and released.[3] (*Id.* at 12.)

Rosado indicates that following his release, he was "in disbelief, traumatized, confused, [and] injured" and immediately returned to Chester County Hospital "to be examine[d] and evaluated whether intoxicated or under the influence, or simply just visually impaired." (*Id.*) Rosado avers that he was evaluated by Dr. Kelton who gave "a favorable Certified Notarized medical opinion stating; Quote, Mr. Rosado was seen at 3;30 am, he was "alert" and "awake" and "not" intoxicated." (*Id.*) Rosado asserts that

---

[3] It is unclear whether Rosado was forced to undergo blood testing.

4

on August 1, 2017, Trooper Dugan "continued the pursuit of false arrest, by submitting a sworn affidavit of probable cause, and filed the criminal charges" against him.[4] (*Id.*) [5]

It appears from the attachments to the Complaint that the criminal complaint was amended on April 3, 2018 to include a violation of Title 18 § 5703(1) pertaining to Interception, Disclosure or Use of Wire, Electronic or Oral and a violation of Title 18 § 903 pertaining to Criminal Conspiracy in connection with § 5703(1). *See* ECF No. 2-1 at 44-45. According to the Affidavit of Probable Cause, following Rosado's release from the PSP barracks on July 21, 2017, Rosado agreed with Smith to secretly record the doctors at Chester County Hospital in an effort "to get a doctor to say [Rosado] was not intoxicated" and Rosado subsequently made that recording. (*Id.* at 45.) It also appears from the attachments to the Complaint that on July 11, 2019, an Order was entered by

---

[4] According to the Police Criminal Complaint filed August 1, 2017, which is attached to Rosado's Complaint, Rosado was charged with violating the following vehicular code statutes: (1) Driving Under the Influence of Alcohol or Controlled Substance (75 Pa. Code § 3802(d)(2)); (2) Driving While Operating Privilege is Suspended or Revoked (75 Pa. Code § 1543(a)); (3) Driving on Roadways Laned for Traffic (75 Pa. Code § 3309(1)); (4) Turning Movements and Required Signals (75 Pa. Code § 3334(a)); (5) Maximum Speed Limits (75 Pa. Code § 3362(a)(3)); and (6) Careless Driving (75 Pa. Code § 3714(a)). *See* ECF No. 2-1 at 12-17.

[5] Rosado sets forth extraneous information that appears to pertain to magisterial proceedings concerning the charges stemming from July 21, 2017. (*Id.* at 12-29.) He mentions individuals who are not named as defendants, makes conclusory statements, discusses various motions filed (presumably by Rosado), reinstitution of charges and rules of court, as well as alleged affirmative defenses. The Court is unable to interpret whether any of these allegations are intended to set forth a claim and will disregard the recitations of statutes and rules set forth in the Complaint as conclusory. Rosado also includes discussion of a traffic stop by an Officer Simcox of the West Chester Borough police department that allegedly occurred on July 31, 2017. (*Id.* at 30-32.) Rosado asserts that "[u]ndisputed, Officer Simcox, lack[ed] probable cause, in fact acted in concert with [Trooper Dugan] to secure evidence, and unlawfully harass, and take retaliatory subtle motives against" him. (*Id.* at 30.) Rosado asserts that this alleged improper stop is part of a case that is "pending of direct appeal to the Superior court." (*Id.*) Simcox is not, however, named as a defendant in this case.

5

the Honorable David F. Bortner in the Court of Commons Pleas of Chester County granting a *Nolle Prosequi* as to all criminal charges stemming from the July 21, 2017 arrest. *See* ECF No. 2-1 at 160.

Rosado specifically identifies the following nineteen claims for relief against all named Defendants:

1. Civil Rights Act of 1871, Section 1983; Amendments IV. V. VI. VII. IX. X. XIII. XIV.;
2. State Created Police Misconduct Danger in Violation of the Fourteenth Amendment;
3. Racial Profiling and Discrimination by Name – Fourth, Fifth, and Fourteenth Amendment;
4. Failure to Intervene Promoting Excessive Force – Trooper Rawls Violated IV and XIV Amendment;
5. Unreasonable and Excessive Force in Violation of the VI and XIV Amendment;
6. Conspiracy Excessive Force and Detention in Violation of the VI and XIV Amendment;
7. False Arrest and Unlawful Detention in Violation of the VI and XIV Amendment;
8. False Reports and Perjury Testimony in Violation of the VI and XIV Amendment;
9. Discrimination ADA Act Title II in Violation of the VI. V. IV. and XIV. Amendment;
10. False Arrest and Malicious Prosicution [sic] in Violation of the IV. V. VI. and XIV. Amendment;
11. Retalitory [sic] Conduct and Excessive Force in Violation of the I. IV. V. VI. and XIV. Amendment;
12. Fraudulent of [sic] Misrepresentation of Laws in Violation Common Law and Constitution's;
13. Trespassing and False Imprisonment in Violatin [sic] IV. and XIV. Amendments;
14. Driver's Privacy Protection Act 18 U.S.C. 2721 in Violatin [sic] IV. and XIV. Amendment;
15. Fed.R.Civ.P. Rule 55. Default of Judgment Undisputed Fed.R.Civ.P. Rule. 56 (C). Nolle Prosequi;
16. Pain and Suffering, Cruel Unusual Punishment Eighth and Fourteenth Amendment;
17. Pa.State (DMV) Unfair Trademark & Public Law - Title 75. Uniforms [sic] Commercial Drivers Act;
18. Attorney 42 U.S.C. 1982 and 1988 Fee's Jointly and Severally; and
19. Money Damages in their individual and official capacity.

(*Id.* at 32-71.)

II

The Court will grant Rosado leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations do not suffice. *Id.* As Rosado is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the ... claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

III

Rosado's Complaint is disjointed, confused, and virtually unintelligible. The Court understands Rosado to be bringing claims in connection with an alleged unlawful stop by Troopers Dugan and Rawls on July 21, 2017, which resulted in Rosado's arrest. In addition, the exhibits attached to the Complaint suggest that Rosado also seeks to challenge his prosecution because the criminal charges to which he was subject as a result of the July 21, 2017 arrest were *nolle prossed* on July 11, 2019. Rosado's allegations, however, are not "simple, concise, and direct." *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 8(d)(1)); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x, 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).")

8

Rosado's Complaint fails to comply with Federal Rule of Civil Procedure 8 because it does not make clear the basis for his claims in a manner that would enable the Defendants to understand his claims and prepare a defense or permit the Court to meaningfully screen his Complaint. Although Rosado's submissions suggest he is bringing claims regarding what took place on July 21, 2017, he has not clearly alleged nor explained the factual basis for his challenge in a manner that would allow the Court or Defendants to understand his claims. *See Garrett*, 938 F.3d at 92; Fed. R. Civ. P. 8(d)(1). Accordingly, the Court will dismiss the Complaint without prejudice to Rosado filing an amendment so that he may clarify the basis for his claims in a simple, concise, and direct manner.

Rosado's Complaint is deficient for other reasons as well. The claims for money damages Rosado seeks to assert against the PSP, the Pennsylvania State Department of Motor Vehicles ("DMV"), the Pennsylvania State Department of Transportation ("PennDOT"),[6] and against the officials in their official capacities may not proceed. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh

---

[6] Although not specifically listed as defendants in this action, Rosado also appears to bring claims against the "Chester County, State Trooper Barricks [sic] Coatesville, Pennsylvania . . . inconjunction [sic] with the Pennsylvania State Department of Transportation individually & in their official capacity; jointly & severely [sic]." (ECF No. 2 at 1-2.)

Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Eleventh Amendment immunity extends to entities that are arms of the state. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981) (holding that the Eleventh Amendment covers "department or agencies of the state having no existence apart from the state"). As an arm of the Commonwealth of Pennsylvania, the PSP is entitled to Eleventh Amendment immunity. *Mitchell v. Miller*, 884 F. Supp. 2d 334, 365–66 (W.D. Pa. 2012) (citing *Williams v. Pennsylvania State Police–Bureau of Liquor Control Enforcement*, 108 F.Supp.2d 460, 465 (E.D.Pa.2000)). Further, PennDOT and the DMV are clearly state agencies and thus entitled to Eleventh Amendment protection. *See* 71 Pa. Stat. Ann. § 61 (establishing the Department of Transportation as an administrative department of the Commonwealth); *Nails v. Pennsylvania Dep't of Transp.*, 414 F. App'x 452, 455 (3d Cir. 2011) (citing *Lombardo v. Pennsylvania*, 540 F.3d 190, 194 (3d Cir.2008); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, (2000)). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. The Eleventh Amendment extends to suits for retrospective monetary relief against state officials in their official capacities, and thus protects defendants Dugan, Rawls, and Richards in their official capacities to the same extent it protects the PSP, DMV, and PennDOT.[7] *See Dill v. Comm. of Pa.*, 3 F. Supp. 2d 583, 586 (E.D. Pa. 1998)

---

[7] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.* The Eleventh Amendment also does not generally bar

10

(citing *Kentucky v. Graham*, 473 U.S. 159, 169–170 (1985)); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding that states are not "persons" under § 1983 and therefore may not be sued in federal or state court under that statute); *Howlett v. Rose*, 496 U.S. 356, 365, (1990) ("*Will* establishes that the State and arms of the State ... are not subject to suit under § 1983 ...."). Thus, Rosado's § 1983 claims against the PSP, DMV, and PennDOT, as well as the state officials acting in their official capacitates are barred for this additional reason. *Urella v. Pennsylvania State Troopers Ass'n*, 628 F. Supp. 2d 600, 605 (E.D. Pa. 2008)

Moreover, although Rosado has named "Leslie S. Richards (DMV)" as a Defendant, the Complaint mentions no facts concerning how Richards was personally involved in any of the events described in the Complaint. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rosado has not alleged a plausible claim against Richards.

---

prospective declaratory or injunctive relief. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

IV

For the foregoing reasons, the Court will dismiss Rosado's Complaint. In light of Rosado's *pro se* status, the Court will dismiss the Complaint without prejudice to amendment in the event Rosado can articulate a legitimate basis for a claim against an appropriate defendant. An appropriate Order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**