IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERONIMO F. ROSADO, JR., :<br>   *Plaintiff*, :<br>                             :<br>    v.                             :<br>                               :<br>PSP. STATE TROOPER      :<br>BARRACKS, *et al.*, :<br>   *Defendants*. : | CIVIL ACTION NO. 19-CV-5068 |

**MEMORANDUM**

**PAPPERT, J.**                                                                                     **JUNE 16, 2020**

       In a prior Memorandum and Order, the Court granted leave to *pro se* Plaintiff Geronimo F. Rosado, Jr. to proceed *in forma pauperis* and dismissed his Complaint without prejudice. The Court found that Rosado's allegations did not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that dismissal was therefore warranted under 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* ECF Nos. 4-5.) The Court permitted Rosado to file an amended complaint. (*Id.*) Rosado has since filed his Amended Complaint, which includes the same Defendants as his original Complaint, and names two additional officers. *See* ECF No. 6. The named Defendants are the PSP Coatesville State Trooper Barracks ("PSP"), PSP Coatesville Michael P. Dugan ("Trooper Dugan"), PSP Coatesville Reginald Rawls ("Trooper Rawls"), PSP J Avondale Barracks Codi Simcox ("Trooper Simcox"), WCP Police Officer Simcox ("Officer Simcox"), PA State Department of Motor Vehicles ("DMV"), and PA Leslie S. Richards (DMV). For the following reasons, the Amended Complaint will be dismissed in part with prejudice and in part without prejudice for failure to comply with Rule 8.

       As was his original Complaint, Rosado's Amended Complaint is lengthy, muddled and confusing, and it fails to specify which facts support each of his claims.

The Amended Complaint is neither short nor plain, and it is difficult to read. Rosado's claims are conclusory, and his Amended Complaint contains extraneous, irrelevant information, complicating the Court's ability to decipher his claims.

Although it is far from clear, it appears that Rosado seeks to raise both federal and state law claims based on a July 21, 2017 arrest, the subsequent criminal prosecution of charges stemming from that arrest, and an assertion that those charges were dismissed on July 29, 2019. However, it also appears that Rosado raises claims based on traffic stops (and resulting violations) that occurred on July 31, 2018 and December 9, 2018, each of which was conducted by different troopers or officers.

In the earlier Memorandum and Order, the Court determined that any claims for money damages Rosado sought against the PSP and DMV could not proceed because the Eleventh Amendment bars suits in federal court seeking monetary damages against a state and its agencies, as well as their officials sued in their official capacities.[1] *See*

---

[1] As noted in the Court's prior Memorandum (*see* ECF No. 4 at 9-11), Eleventh Amendment immunity extends to entities that are arms of the state. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981) (holding that the Eleventh Amendment covers "department or agencies of the state having no existence apart from the state"). As an arm of the Commonwealth of Pennsylvania, the PSP is entitled to Eleventh Amendment immunity. *Mitchell v. Miller*, 884 F. Supp. 2d 334, 365–66 (W.D. Pa. 2012) (citing *Williams v. Pennsylvania State Police–Bureau of Liquor Control Enforcement*, 108 F.Supp.2d 460, 465 (E.D.Pa.2000)). Further, the DMV is a state agency entitled to Eleventh Amendment protection. *See Nails v. Pennsylvania Dep't of Transp.*, 414 F. App'x 452, 455 (3d Cir. 2011) (citing *Lombardo v. Pennsylvania*, 540 F.3d 190, 194 (3d Cir.2008); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, (2000)). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court seeking monetary damages. *See Dill v. Comm. of Pa.*, 3 F. Supp. 2d 583, 586 (E.D. Pa. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 169-170 (1985)); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding that states are not "persons" under § 1983 and therefore may not be sued in federal or state court under that statute); *Howlett v. Rose*, 496 U.S. 356, 365, (1990) ("*Will* establishes that the State and arms of the State . . . are not subject to suit under § 1983. . . ."). Thus, Rosado's § 1983 claims against the PSP and DMV, as well as the state officials acting in

*Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Despite the Court's prior determination, Rosado reasserted claims against both of these entities in his Amended Complaint. These claims are dismissed with prejudice.

Rosado's Amended Complaint falls woefully short of the clear and concise explanation of his claims that the Court asked him to provide in its earlier Memorandum and Order. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (citing *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted)). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack*, 438 F. App'x at 160, or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations in Rosado's Amended Complaint are redundant, conclusory, and include a great deal of extraneous material such as his own personal opinions about the Defendants' alleged motivations. Indeed, the new pleading is so confused, ambiguous, and otherwise unintelligible that no Defendant could possibly understand how to prepare their defense, and the Court

---

their official capacities are barred for this additional reason. *Urella v. Pennsylvania State Troopers Ass'n*, 628 F. Supp. 2d 600, 605 (E.D. Pa. 2008).

cannot fulfill its function under § 1915(e) of determining whether Rosado has stated plausible claims.

Moreover, Rule 10 of the Federal Rules of Civil Procedure sets forth the requirements of form in pleadings. In particular, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." F. R. Civ. P. 10(b). The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief. *Spence v. Schafer*, Civ. A. No. 13-16, 2013 WL 1364025, at \*4 (W.D. Pa. Mar. 7, 2013); *Young v. Centerville Clinic, Inc.*, Civ. A. No. 09-325, 2009 WL 4722820, at \*2-3 (W.D. Pa. Dec. 2, 2009). Despite this requirement, the "Claim for Relief" sections set forth in the Amended Complaint are not broken down into numbered sections, and most contain several paragraphs (and, in some cases, full pages) of text describing a wide range of allegations. *See* ECF No. 6 at 15-34. Many of these sections contain several claims and are not limited to the claim for relief set forth in the title. The combining of legal allegations into each alleged claim makes Rosado's claims arduous to discern, rendering it difficult for the Court to decipher his claims, and nearly impossible for Defendants to meaningfully respond.

The litany of allegations in Rosado's Amended Complaint is "so excessively voluminous and unfocused as to be unintelligible." *Binsack*, 438 F. App'x at 160. Nonetheless, the Court will grant him leave to file a second amend complaint. Rosado is cautioned that should he choose to file a second amended complaint it must contain allegations that are "simple, concise, and direct," F. R. Civ. P. 8(d)(1), such that it will permit defendants to "meaningfully answer or plead to it" and not be "left . . . having to

guess what of the many things discussed" constitute any alleged violations of Rosado's legal rights. *Binsack*, 438 F. App'x at 160. He must make clear which claims are being asserted specifically against which defendants and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief. The allegations should also be specific as to time and place. The Court reminds Rosado that "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, any second amended complaint must be complete in all respects. It must be a new pleading that stands by itself as an adequate complaint without reference to previous versions of Rosado's complaint. Any cause of action alleged in the prior complaints but not alleged in a second amended complaint will be deemed waived.

Rosado's Amended Complaint will be dismissed for failure to comply with Rule 8. The Court will grant Rosado an opportunity to file a second amended complaint so that he may clarify the basis for his claims in a simple, concise, and direct manner. If Rosado wishes to proceed with the case, any new pleading must follow the following guidelines:

> (1) the new pleading must be entitled a "Second Amended Complaint" and use the Civil Action Number 19-5068;
> 
> (2) the new pleading must contain a caption listing each Defendant, identifying the Defendant by name;

5

(3) the new pleading may not name the Pennsylvania State Police or the Pennsylvania Department of Motor Vehicles as Defendants;

(4) the new pleading must be in a numbered paragraph format with each paragraph setting forth one complete allegation against one named Defendant;

(5) once an allegation is completely set forth in one numbered paragraph, it must not be repeated in subsequent paragraphs, other than by incorporating the prior numbered paragraph by reference as needed;

(6) for each named Defendant, Rosado must describe how that Defendant acted personally to harm him;

(7) the new pleading must not contain any extraneous material, including but not limited to quotes, personal opinions, and characterizations;

(8) the new pleading must not recite the text of any statutes; rules of law; or legal conclusions;

(9) the new pleading must not refer collectively to the Defendants, but must specifically state which named Defendant undertook what actions;

(10) the new pleading must contain a concise and plain statement of the claim showing that Rosado is entitled to relief against each named Defendant;

(11) to the extent that Rosado asserts claims based on criminal charges or violations resulting from traffic stops which occurred on July 21, 2017, July 31, 2018, or December 9, 2018, the new pleading must contain the state court civil or criminal action number for all criminal charges, traffic violations, and summary offenses which resulted;

(12) to the extent that Rosado asserts claims that certain policies or procedures are unconstitutional, he must specifically identify the policy or procedure, and briefly set forth reasons why said policy or procedure violates the Constitution; Rosado may not simply state a legal conclusions regarding unconstitutionality; and

(13) the new pleading must contain a demand for the relief sought against each named Defendant.

For the foregoing reasons, the Court will dismiss Rosado's Amended Complaint in part with prejudice and in part without prejudice. Rosado is granted leave to file a second amended complaint in the event he can articulate a legitimate basis for a claim against an appropriate defendant. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**