IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERONIMO F. ROSADO, JR., *Plaintiff,* v. MICHAEL P. DUGAN, et al., *Defendants.* | CIVIL ACTION NO. 19-5068 |

**PAPPERT, J.**                                                                                                                 January 3, 2022

## MEMORANDUM

      Geronimo Rosado claims Pennsylvania police officers and executive officials violated his constitutional rights and otherwise acted unlawfully. He seeks money and injunctive relief. Rosado's numerous filings are confusing, opaque and mostly indecipherable; since he filed his initial complaint more than two years ago, the Court has done its best to interpret and address them. This Memorandum and the accompanying Order deny three pending motions: two motions to intervene and a motion to amend.

I

      On October 29, 2019, Rosado filed a *pro se* complaint under § 42 U.S.C. 1983 against the Pennsylvania State Police ("PSP") Trooper Barracks, PSP Trooper Michael Dugan, PSP Trooper Reginald Rawls, the Pennsylvania Department of Motor Vehicles ("DMV") and former Pennsylvania Transportation Secretary Leslie Richards. (ECF 2.) Rosado alleged violations based on the "I, IV, V, VI, IX, I, XIII, XIV [amendments] and ADA Act Title II" and, although far from clear, appeared to raise federal and state claims mostly based on a July 21, 2017 arrest, the subsequent prosecution and an

asserted July 11, 2019 *nolle prosequi* dismissal of charges.  (Mem. Den. Compl. 2–6, ECF 4.)  He also moved for leave to proceed *in forma pauperis*, which the Court subsequently granted.  (ECF 1); (Mem. Den. Compl. 7.)  After construing Rosado's claims liberally, the Court dismissed the complaint without prejudice to amendment pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding it did not comply with Federal Rule of Civil Procedure 8, failed to allege a plausible claim against Richards and claimed monetary damages against state entities and officials acting in their official capacities in violation of the Eleventh Amendment.  (Mem. Den. Compl. 1, 7, 9–11.)

      Rosado then filed an amended complaint naming the same defendants as the initial pleading and adding PSP Trooper Simcox ("Trooper Simcox") and West Chester Police Officer Simcox ("Officer Simcox").  (ECF 6.)  While confusing, the amended complaint appeared to raise state and federal claims based on the same events described in the original complaint, as well as a pair of 2018 traffic stops conducted by other police officers or troopers.  (Mem. Den. Am. Compl. 2, ECF 7.)  The Court dismissed Rosado's amended complaint with prejudice as to the claims for money damages against the state entities and officials acting in their official capacities, and without prejudice as to the other claims for not complying with Rules 8 or 10.  *See* (*id.* at 2–7).  With respect to the latter claims, the Court granted Rosado leave to file a second amended complaint provided he complied with a detailed set of guidelines.  (*Id.* at 5–7.)  In an accompanying order, the Court explained that if Rosado did not follow those instructions, any subsequent dismissal of a claim or defendant for failure to comply with Rule 8 "may be with prejudice."  (ECF 8 ¶ 3.)

2

Rosado then filed his second amended complaint. (ECF 9.) It names as defendants Dugan, Rawls, Trooper Simcox, Officer Simcox and Richards. (*Id.* at 1.) Dugan, Rawls and Trooper Simcox have moved to dismiss Rosado's claims against them. (ECF 18.)

On March 3, 2021, Rosado filed the first of two intervention motions. (ECF 17.) Like his complaints, the motions are befuddling. The "motion for intervention for a preliminary injunction & restraining order request file amended complaint" ("Intervention Motion I") appears to request that the Court intervene on his behalf by providing injunctive relief and allow him to amend his complaint again. *See* (*id.*). Rosado focuses on the July 21, 2017 arrest and subsequent prosecution but also asserts claims arising from an August 30, 2020 traffic stop and its aftermath, two resulting hearings and a January 30, 2021 police stop. *See* (*id.*). Rosado's subsequent "plaintiff motion intervene" ("Intervention Motion II") seems to seek intervention pursuant to Rules 24(a) or (b) and requests injunctive relief, asks for the reinstatement of his driver's license but no money damages and states he is willing to settle the case. *See* (ECF 29). In addition to repackaging previous allegations, this motion asserts Rosado's "international" constitutional rights were violated and that he continues to be followed by police as part of a scheme to harass and enslave him. *See* (*id.* at 4–5). He also alleges a part of Pennsylvania's statutory code did not pass the Constitution's "quorum" requirement, that the defendants have no legal obligations to Pennsylvania, that the state lacks authority to enforce its own laws and that the state and its officers committed treason and sedition. *See* (*id.* at 31, 37).

Rosado also filed a motion to amend. (ECF 30.) This motion is similarly unintelligible. Rosado appears to want to amend his second amended complaint to add three new defendants pursuant to Rules 15(a) and 20(a): Pennsylvania Governor Tom Wolf, driver licensing bureau director Kara N. Templeton and PSP Trooper Brian McCabe. *See* (*id.*). Rosado states amendment is a prerequisite to the Court granting injunctive relief against these defendants. *See* (*id.* at 4). He alleges Wolf and Templeton are "legally responsible" for his welfare, and that McCabe is legally responsible for the August 30, 2020 traffic stop, the enforcement of Pennsylvania's vehicle code against him, the violations he suffered in connection with and following that stop and his subsequent illegal detention beginning on March 23, 2021. *See* (*id.* at 5). He contends Templeton operates discriminatory driver's license laws under Wolf's authority—and that McCabe enforces them—and alleges violations of multiple constitutional amendments. *See* (*id.*). Rosado also states again that he is willing to settle the case. *See* (*id.* at 26).

II

Courts do not "intervene" in cases. Rosado's first motion to intervene (ECF 17) is denied accordingly. With respect to the second intervention motion (ECF 29), an existing party to a case, particularly the Plaintiff himself, cannot seek to intervene in that case. Intervention is a "procedure by which an outsider with an interest in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants." 7C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1901 (3d ed., Apr. 2021 update). Its purpose is to admit one "who is not an original party" into the case. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).

Nor is there merit to Rosado's apparent request to have Pennsylvania's attorney general intervene in the case pursuant to Rule 24(b)(2). *See, e.g.*, (Intervention Motion II at 18, 38). That provision authorizes the intervention of government officers on a motion. Fed. R. Civ. P. 24(b)(2). The attorney general has not moved to intervene.

### III

### A

Under Federal Rule of Civil Procedure 15(a)(2), courts should freely give leave to amend when justice so requires.[1] Courts have discretion to grant or deny leave; Rule 15(a)'s "liberal amendment policy" is limited. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (internal quotation marks omitted). Reasons for denying leave include "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182; *see also Jiggetts v. District of Columbia*, 319 F.R.D. 408, 414 (D.D.C. 2017) (explaining courts are "far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity" (internal quotation marks omitted)).

Courts can deny leave to amend if the proposed amended pleading violates Rule 8. *See Carter v. Va. Dep't of Game & Inland Fisheries*, No. 16-661, 2018 WL 3614975, at *4 (E.D. Va. July 27, 2018); *cf. Jackson v. Sec. Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d. Cir. 2011) (per curiam) (citing Rule 8(a)(2) and (d)(1) in affirming the district

---

[1] Rosado has no right to amend as a matter of course because he filed his motion July 29, 2021, more than twenty-one days after service of the motion to dismiss his second amended complaint. *See* (ECF 18; ECF 30); Fed. R. Civ. P. 15(a)(1). Moreover, in addition to Rule 15, Rosado invokes Rule 20(a), which governs the permissive joinder of defendants. (Mot. to Amend 5.) The Court focuses solely on Rule 15(a) because the analysis would be the same. *See Oneida Indian Nation v. Cnty. of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (explaining that "in practical terms [there is] little difference" between these rules (internal quotation marks omitted)).

court's dismissal of plaintiff's amended complaint). Rule 8(a)(2) requires pleadings stating a claim for relief to include a "short and plain statement of the claim" showing the pleader's entitlement to relief. Their allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Together, Rules 8(a) and (d)(1) underscore how the "federal pleading rules" emphasize "clarity and brevity." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). Rule 8 codifies a "minimum standard for the sufficiency of complaints" to provide "fair notice of the claim[s] being asserted" and grounds they rest on. *Jiggetts*, 319 F.R.D. at 413 (stating courts or opposing parties "must be able to understand whether a valid claim is alleged and if so what it is") (internal quotation marks omitted)).

B

Rosado's proposed amendment violates Rule 8. Although the Court has a duty to liberally construe *pro se* litigants' pleadings, Rosado has repeatedly failed to comply with Rule 8 notwithstanding specific instructions from the Court on how to do so. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *see, e.g.*, *Carter*, 2018 WL 3614975, at *4–5 (denying plaintiffs' motion to amend on Rule 8 grounds in part because the proposed amendment was "neither short, nor plain," "muddies, rather than clarifies" the facts and allegations and mixed "factual and legal theories"); *Michaelis v. Krivosha*, 566 F. Supp. 94, 95 (D. Neb. 1983) (denying leave to amend following plaintiff's failure to observe a prior order directing compliance with Rule 8 and explaining leave to amend for Rule 8 dismissals is "uncalled for" when plaintiff "persists in ignoring" the Court's admonitions); *cf. Tucker v. Stewart*, 72 F. App'x 597, 598 (9th Cir. 2003) (affirming the

district court's Rule 8 dismissal in part because it provided multiple opportunities to amend and specific instructions for compliance with that rule).

Rosado has already amended his complaint twice. (ECF 6; ECF 9.) The Court dismissed his initial pleading for, among other reasons, not complying with Rule 8. *See* (Mem. Den. Compl. 8–9). Rosado's amended complaint was muddled, unspecific and hard to read; it contained conclusory and irrelevant assertions. (Mem. Den. Am. Compl. 1–2.) The Court accordingly dismissed it with leave to file a second amended complaint and gave detailed instructions on how to comply with Rule 8. (*Id.* at 3–7.) His second amended complaint (ECF 9) wasn't any better, nor is his proposed third.

For example, Rosado's claims are neither plain nor concise; they are disorganized, confusingly labeled and difficult to understand. *See* (Mot. to Amend. 19–26). The proposed third amendment is also replete with conclusory assertions and characterizations. To wit: Rosado appears to assert, in a single paragraph and without support, that Wolf, Richards and Templeton conspired with Dugan, Trooper Simcox and Officer Simcox to violate Rosado's "substantive due process rights" by unconstitutionally enforcing part of Pennsylvania's statutory code. *See* (*id.* at 9, ¶ 11). Moreover, Rosado's proposed amendment makes vague, collective claims against defendants instead of describing how each one allegedly harmed him. For instance, he refers without specification to executive orders Wolf allegedly issued that "influenc[ed]" Pennsylvania's Department of Transportation to suspend Rosado's driver's license. (*Id.* at ¶ 5.) He also alleges "*Defendants* will virtually deny retroactive Thirteenth Amendment being applied in disguise." (*Id.* at ¶ 15 (emphasis added).)

Rosado's proposed third amended complaint pays no mind to the Court's detailed instructions for complying with Rule 8. *See* (Mem. Den. Am. Compl. 5–7). Instead, the proposed amendment is a "prolix and unworkable document" that "sows confusion" rather than clarifies. *Carter*, 2018 WL 3614975, at *5, *7. It is the opposite of "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It also "defies any attempt to meaningfully answer or plead to it" and leaves Defendants "having to guess what of the many things discussed" amount to unlawful conduct. *Binsack v. Lackawanna Cnty. Prison*, 438 Fed. App'x 158, 160 (3d Cir. 2011) (per curiam); *see also Itiowe v. United States Gov't*, 650 F. App'x 100, 103 (3d Cir. 2016) (per curiam) (affirming a Rule 8 dismissal without leave to amend because the proposed amendment was "virtually incomprehensible" and "rambling and mostly unintelligible").

An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.