IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERONIMO F. ROSADO, JR.,

       *Plaintiff,*

v.

MICHAEL P. DUGAN, et al.,

       *Defendants.*

CIVIL ACTION
NO. 19-5068

**PAPPERT, J.**                                                                 September 1, 2022

## ORDER

**AND NOW**, this 1st day of September 2022, upon consideration of the Motions for Summary Judgment filed by Plaintiff Geronimo Rosado (ECF 46, 56) and Defendants Michael Dugan and Reginald Rawls (ECF 49) and the parties' Responses (ECF 53, 54), as well as Rosado's Motion to Strike (ECF 39) and Dugan and Rawls's Response (ECF 44), it is **ORDERED**:

1. Dugan and Rawls's Motion for Summary Judgment (ECF 49) is **GRANTED** and Rosado's Motion (ECF 46, 56) is **DENIED** in accordance with the accompanying Memorandum.

2. Rosado's Motion to Strike (ECF 39) is **DENIED**.[1]

---

[1] On March 8, 2022, Rosado moved under Federal Rules of Civil Procedure 12(e) and (f) to strike the affirmative defenses in Dugan and Rawls's answer to Rosado's Second Amended Complaint. (ECF 39.) Dugan and Rawls subsequently responded. (ECF 44.) The Court denies the Motion.

    Rule 12(e) authorizes a party to move for a more definite statement of a pleading, such as an answer, that is so ambiguous or vague the party can't reasonably respond to it. The party must file the motion before his responsive pleading. Fed. R. Civ. P. 12(e). These motions are rarely granted and used as remedies for unintelligible pleadings, not a lack of detail. *Godfrey v. Upland Borough*, 246 F. Supp. 3d 1078, 1086 (E.D. Pa. 2017). Rosado's motion is untimely because he filed it at the same time as—not before—his responsive pleading. Even if it weren't, Dugan and Rawls's answer is far from unintelligible.


3. The Court **ENTERS JUDGMENT** for Dugan and Rawls on all claims against them.[2]

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.

---

Under Rule 12(f), parties can move to strike from a pleading any insufficient defense or matter that is immaterial, redundant, impertinent or scandalous. Such motions are disfavored and typically denied unless the allegations complicate the case or have no possible relation to it and could prejudice a party. *Giuliani v. Polyscis, Inc.*, 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017). Striking is a drastic remedy appropriate only when the purposes of justice require it. *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994); *see also Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). They don't here. Dugan and Rawls's affirmative defenses are obviously related to the case and neither complicate it nor prejudice Rosado. *See Giuliani*, 275 F. Supp. 3d at 572.

[2]   Technically, "Officer Simcox" remains a defendant in the case (ECF 13), though it is unclear as to whether "Officer Simcox" is the same person as "Trooper Simcox," who was previously dismissed from the case (ECF 33–34).